March 31, 2025

VIA email: prose@nysd.uscourts.gov

Hon. Ronnie Abrams
Southern District of New York
500 Pearl Street
New York, New York 10007

<u>Re: Jane Doe Esq., v. The Legal Aid Society 25-cv-02409</u>

Dear Judge Abrams:

   I am writing with respect to the current "public access" status to the documents listed below on the docket sheet in the above referenced matter. In branch IV my *ex parte* motion (ECF 4) I requested "Restricting electronic access to all of the Plaintiff's and Defendant's pleadings to a 'case-participant only' basis with the right for the Defendant to seek a modification on notice to the case progresses,…" . In your Honor's decision dated March 27, 2025 you ordered "Plaintiff shall file a renewed – public- motion to continue to proceed anonymously within 30 days of service of the complaint."

   Currently the *ex -parte* motion, as well as the documents below, are all publicly filed on PACER. I discussed the matter with the Pro-Se Intake Unit and they suggested I write to you for clarification as to whether the Court intended for these documents to be restricted for "case-participant only" until service is completed on the Defendant. I will not be serving the Defendant until later in the month of April because I need to take the CM/ECF Introduction Course and subsequently submit the Motion for Permission for Electronic Case Filing. At that juncture I will request the Summons and promptly serve the Defendant.

Case documents on Docket Sheet currently in Public filing status on Pacer;

ECF No1 (compliant)
ECF No 2 (Civil Cover Sheet)
ECF No 4 (*Ex parte* Motion)
ECF No 6 (Order for Misc. Relief)

   Thank you for giving this matter your consideration.

Respectfully submitted,

*/s/ Jane Doe Esq.,*
Jane Doe Esq.,
Pro-Se Plaintiff

---

If Plaintiff seeks leave to seal the case-initiating documents and *ex parte* motion, she must file a motion in accordance with the Court's Individual Rules of Practice in Civil Cases explaining the reasons for doing so, including why the request is consistent with the test set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

SO ORDERED.

_____
Hon. Ronnie Abrams
April 3, 2025