**LEAVE REQUESTED TO FILE MOTION
UNDER RESTRICTED PUBLIC ACCESS
F.R.C.P. 5.2 (d)**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————x

    JANE DOE ESQ.,

                    Plaintiff,

    v.

    THE LEGAL AID SOCIETY

                  Defendant

———————————————————————x

Case No. 1:25-cv-02409

MOTION FOR RECONSIDERATION
F.R.C.P (b) (1) & (6)

PLEASE TAKE NOTICE that upon the previously filed "Anonymously/ Under Pseudonym" version of the Plaintiff's complaint, the previously filed "non anonymous" sealed version of the Plaintiff's compliant filed under seal, this Court's Order dated March 27, 2025 [ECF #6], the Plaintiff's previously filed Privacy Motion [ECF 15-22, ]  currently under restricted public access on Pacer  , the Defendant's previously filed Opposition [ECF 27, 28]  currently under restricted public access on Pacer, the Plaintiff's previously filed Reply [ECF 35] currently under restricted public access on Pacer, the Plaintiff hereby seeks leave of this Court, located at 500 Pearl Street, New York, N.Y. 10007, pursuant to F.C.R.P. 60 (b) (1) to file this Motion for Reconsideration of the Court's "Memorandum Opinion & Order" dated March 31, 2026 of the Plaintiff's Privacy Protection Motion, and the Plaintiff moves this Court, upon reconsideration, for an order

I. Granting the Plaintiff the Privacy Relief requested in her motion dated June 10, 2025 on the grounds that in determining the Plaintiff's motion to proceed anonymously, <u>at least at the initial stages of the proceedings,</u> the Court overlooked controlling decisions of law and non disputed facts in the parties filings that might reasonably be expected to alter the conclusion reached by the Court. F.C.R.P. (b) (1). More specifically;

[i] in determining Factor #5 of *Sealed Plaintiff* the Court overlooked controlling law that  that The Legal Aid Society as a Tax Exempt non-for profit can be classified under the *Jackson v. Statler Foundation*  496 F.2d 623 (2d Cir. 1973) five factor test as a "state actor" for the Plaintiff's discrimination claims, and Plaintiff has a strong interest in proceeding pseudonymously against a governmental "state actor." *Doe v Alexander* Slip Copy WL 1637941 (S.D.N.Y. June 9, 2025).

[ii] in determining factor #6  of *Sealed Plaintiff* the Court overlooked controlling law in  *Doe v. DNA Diagnostics Center LLC* Slip Copy 2025 WL 1725449  (S.D.N.Y. June 18, 2025), that reputational prejudice is determined by incremental injury, and the court overlooked controlling law in *Colgate Univ.,* No. 15 Civ 1069, 2016 WL 1448829  ["Where, as here, "Defendants are aware of Plaintiff's true identity and will have an uninhibited opportunity to litigate this matter regardless of whether the Plaintiff's identity is disclosed publicly" there is little risk of prejudice."]

[iii] in determining factor #7 of *Sealed Plaintiff* the Court overlooked controlling law in *Doe v Gong Xi Fa Cai* Inc., 2019 WL3034793 (S.D.N.Y. 2019), [Factor #7 weighs in a Plaintiff's favor where EEOC documents are not public and the Plaintiff's identity is not otherwise publicly known], and in  *Corley v. Vance*, 15-cv-1800, 2015 WL 4164377 (S.D.N.Y. June 22, 2015), [This Court has also held where the Plaintiff has taken adequate steps to preserve her confidentiality, the seventh *Sealed Plaintiff* factor leans in favor of allowing her to proceed under a pseudonym.]

[iv] in determining factor #8 of *Sealed Plaintiff* the Court overlooked controlling law in *Doe v Del Rio,* 241 F.R.D. 154, 157 (S.D.N.Y.2006), [" Public interest is thwarted if disclosure would cause the plaintiffs not to pursue the action."].  The Court also overlooked non disputed facts in the parties filings that the Plaintiff has consistently stated in all her filings that if she was not granted pseudonym status that she would not pursue the action further.

[v] in determining factor #8 of *Sealed Plaintiff* the Court overlooked controlling law in *Jane Doe v Salina* 2024 WL 1259362 (E.D. NY 2024), [ Where the identity of the party seeking confidentiality is the main concern, rather than certain specific information that could be redacted or sealed, this factor favors anonymity.]

[v] In determining the factual background to the Plaintiff's motion the Court overlooked the plain language of the February 6, 2023 Agreement, among proofs, that the Plaintiff was never terminated from her employment at The Legal Aid Society nor placed on [the specified] unpaid administrative leave.

[viii] In determining the factual background to the Plaintiff's motion the Court overlooked and misapprehended Plaintiff's Exhibit N when it stated that the Plaintiff was required to provide the prospective employer "professional references from her supervisors at LAS, including [the senior management official]. There was no such requirement stated in any of the parties filings.

III. Granting the Plaintiff leave to file a subsequent motion pursuant to FRCP 60 (b) (1) for innocent third party privacy relief should the Court grant this motion on reconsideration.

IV. Granting the Plaintiff and other relief the Court deems just and proper.


Dated: April 12, 2026                                 */s/ Jane Doe Esq.,*
                                                       Pro se Plaintiff

**Table of Contents (& Cases)**

Preliminary Statement ………………………………………………………………1

Procedural Background ……………………………………………………………1

Standard of Review FRCP 60 Relief from Judgment or Order & Local Civil Rule 6.3 Motions for Reconsideration …………………….…………………………………………3

Legal Argument for Reconsideration …………………………………………………3

I. In Its Factual "Background" The Court Overlooked And Misapprehended Facts/Proof Submitted By Both Parties That Might Reasonably Be Expected To Alter The Conclusion Reached By The Court……………………………………………………………….4

   a.  Nature of Plaintiff's Employment and Departure from LAS ……………………………4

   b. Matters of References to the Prospective Employer ……………………………..…… 5

II. In Its Sealed Plaintiff Analysis The Court Overlooked Controlling Decisions Of Law That Might Reasonably Be Expected To Alter The Conclusion Reached By The Court ……….. 6

   a. Factor #5 Government or Private Action: Court overlooked *Jackson v. Statler Foundation,* 496 F.2d 623 (2d Cir. 1973) and *Doe v Alexander* Slip Copy WL 1637941 (S.D.N.Y. June 9, 2025)………………………………………………………………………… 6-7

   b. Factor # 6 Prejudice to the Defendant: Court overlooked *Doe v. DNA Diagnostics Center LLC* Slip Copy 2025 WL 1725449  (S.D.N.Y. June 18, 2025)……………………………….. 8
*Colgate Univ.,* No. 15 Civ 1069, 2016 WL 1448829 …………………………………. 9

   c. Factor #7 Status of Confidentiality in the Proceedings: Court overlooked *Doe v Gong Xi Fa Cai* Inc., 2019 WL3034793 (S.D.N.Y. 2019), Corley v Vance 15-cv-1800, 2015 WL 4164377(S.D.N.Y.2015)……………………………………………………………….10

   d. Factor #8 The Public Interest: Court overlooked *Doe v Del Rio Doe v Del Rio ,241 F.R.D.154,157(S.D.N.Y. 2006)*……………………………………………………………11

   e. Factor #10 Alternative Protections: Court overlooked *Jane Doe v Salina* 2024 WL 1259362 (E.D. NY 2024)……………………………………………………………...…..12

Conclusion……….………………………………………………………………………12

**PRELIMINARY STATEMENT**

Plaintiff submits this memorandum of law in support of her motion for leave to file a motion pursuant to FRCP 60 (b) (1) and Local Civil Rule 6.3 for Reconsideration of this Court's March 31, 2026 Memorandum Opinion & Order. In determining the Plaintiff's motion to proceed anonymously the Court overlooked controlling decisions of law and non disputed data/facts amongst the parties' filings that might reasonably be expected to alter the prior conclusion reached by the Court. Upon reconsideration the Plaintiff requests the Court grant the Plaintiff continued anonymity, at least at the initial stages of the litigation, as sought in her Privacy Motion.

***Procedural History***

The Plaintiff filed the instant action on March 24, 2025 by filing a pseudonymous version of her compliant and an *ex-parte* motion to pursuant to FRCP 10(a) and *Sealed Plaintiff* 537 F 3d 185 (2d.Cir.2008) requesting to proceed anonymously, at least in the initial stages of the litigation. On March 27, 2025 this Court granted the Plaintiff's motion to file her complaint anonymously holding that;

> "The nature of the Plaintiff's sexual harassment allegations is highly personal. Given that the Legal Aid Society is a major organization, revelation of the Plaintiff's identity may also lead to significant potentially harmful public attention." The Court also held "The Defendant has the right to be heard. Moreover, the Court must take the interests of the public into account, and 'balance between the party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses."

The Plaintiff was directed to file a renewed privacy motion within 30 days of the service of the complaint, which she did on June 20, 2026. [ECF 15-22],). Therein requesting, among other things, to proceed anonymously, at least in the initial stages of the litigation. The Plaintiff also sought and was granted restricted public access for her privacy motion. [ECF 26] In support of her application for restricted public access the Plaintiff presented her good faith belief that LAS would repeat in its Opposition specified statements it made to the EEOC that where blatantly false and

1

intentionally made to have a determinative effect on the EEOC determination of the Plaintiff's complaint, (ECF 16 pg10-13 ie., LAS denial that the senior management official was investigated by LAS in 2017 and 2020 for discriminatory behavior against the Plaintiff, LAS denial that Plaintiff had made past written complaints to Rosenberg regarding the senior management official's sexual harassment of her, LAS denial that there had been contact between the senior management official and Plaintiff since 2017 to February 27, 2023). In its Opposition LAS did not repeat it previous denials of these statements, nor did it dispute the accuracy of those specified statements as alleged in the Plaintiff's complaint. [ P.comp 9-29]

In the Plaintiff's Reply, [ECF 35], in addition to responding LAS *Sealed Plaintiff* arguments, the Plaintiff requested Court to strike, pursuant to its inherent powers, Rosenberg's Declaration paragraphs #10 - #16 and related exhibits (Final Warning, Notice of Termination and portions of the February 7, 2023 Agreement) on the grounds that the documents themselves do not support Rosenberg's statements that Plaintiff was terminated from employment at LAS on November 7, 2023 for insubordination and therefor do not in and of themselves or otherwise support LAS claims that the documents are relevant background to the nature of the Plaintiff's request for privacy.

LAS served a letter motion in response to the Plaintiff's Reply on September 10, 2025 [ECF 40]. Therein opposing the Plaintiff's request for the Court to use its inherent powers strike Rosenberg's Declaration paragraphs #10 - #16 and related exhibits. LAS otherwise did not refute claims in the Plaintiff's Reply that <u>LAS is a tax exempt organization</u> (factor #5 state actor), that LAS financial reports for 2014 -2024 state there are a number of pending legal actions against LAS that have will not result in any material loss (factor #6 incremental prejudice to defendant, factor #10 Alternative Protections).

In a Memorandum Opinion & Order, dated March 31, 2026 this Court denied the Plaintiff's request to proceed under pseudonym and for other related privacy relief. In its decision the Court relies on its determination of a factual background for its eventual *Sealed Plaintiff* analysis ie., [i] Plaintiff was terminated from her employment on November 7, 2023, [ii] Plaintiff grieved the termination and entered into a Separation and Release Agreement on February 6, 2023 which placed her on unpaid Administrative Leave until December 31, 2023. [iii] Plaintiff was required by the prospective employer to get a professional reference from the senior management official, and [iv] that the Plaintiff's termination and related employment records are the primary reason that gave rise to her filing a privacy motion.

**RECONSIDERATION ARGUMENTS**

*Standard of Review FRCP 60 Relief from Judgment or Order & Local Civil Rule 6.3 Motions for Reconsideration.*

"The standard for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.' *Allen v United Student Aid Funds,* 17-CV-8192 (VSB)  2021 WL 1978544 (S.D.N.Y.  2021) *citing Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

**I. IN ITS FACTUAL "BACKGROUND" THE COURT OVERLOOKED AND MISAPPREHENDED FACTS/PROOF SUBMITTED BY BOTH PARTIES THAT MIGHT  REASONABLY BE EXPECTED TO ALTER THE CONCLUSION REACHED BY THE COURT.**

*a. Nature of Plaintiff's Employment and Departure from LAS*

In its factual Background the Court places heavy emphasis on the Declaration and exhibits submitted by General Counsel Rosenberg,  ("Final Warning" 3/18/21,"Notice of Termination"

11/7/22, and "Separation Agreement 2/7/23).  The Court overlooked and or misapprehended this documentary proof when it erroneously concluded that these documents support Rosenberg's statements that the [i] Plaintiff was terminated from LAS on November 7, 2022 for insubordination, [ii] Plaintiff grieved the termination, and [iii] was then entered into a Separation Agreement with LAS and was put on an unpaid administrative leave to December 31, 2023.

The plain language of this documentary proof states;

1. Termination Notice November 7, 2023 states in pertinent part; [ECF 28 Rosenberg Dec EX D pg 6-7]

"Effective Immediately, **you are placed on paid suspension** (administrative leave) until the completion of the Third Step grievance process, or until you have given written notice that you do not intend to file a grievance with respect to this **proposed termination…**While on paid administrative leave you **will continue to collect your full LAS salary , you will remain on LAS health insurance , and your e-mail will remain active**. **You must be available by e-mail and cellphone at reasonable times to answer any questions LAS may have as your work is transitioned to others."**


2. February 7, 2023 Agreement states in pertinent part; [ECF 28, Rosenberg Dec. EX F]

 "WHEREAS [Plaintiff] has been employed at LAS Criminal Defense Practice since November 17, 2014." (pg. 1 of 10)

"WHEREAS, on November 7, 2022 LAS served [Plaintiff] a Notice of Termination, and placed her on paid suspension (Paid Administrative Leave") effective immediately until the completion of the Third Step grievance process." (pg. 1 of 10)

"WHEREAS in addition to ALAA's grievances regarding the Final Warning Notice and the Notice of Termination, [Plaintiff] has asserted claims of retaliation for her engagement in protected activity related to her claims of an excessive case load." (pg. 1 of 10)

"WHEREAS the Parties reached an agreement to resolve all matters in controversy, disputes, causes of action, claims, contentions, and differences between and among them in accordance with the terms and conditions of this Agreement."  (pg. 1 of 10)

"LAS will withdraw [Plaintiff's] Termination Notice. (pg. 3 of 10)

"Plaintiff is knowingly and voluntarily waiving and releasing forever whatever claims [plaintiff] has against LAS, and their subsidiaries and affiliates, together with its officers, members,

4

directors, executives, consultants and employees and its agents and any successors and assigns ( collectively referred to as "Releasees"), based on [Plaintiff's] with LAS and the cessation of her employment at LAS. (pg 3 of 10)

"[Plaintiff] will remain on Paid Administrative Leave through April 30, 2023" (pg. 2 of 10)

" [Plaintiff] will be eligible for [FY23] increase or payment that is effective for a period up to and including April 30, 2023." (pg. 2 of 10)

" [Plaintiff will continue to accrue vacation hours while she is on Paid Administrative Leave." (pg. 2 of 10)

" LAS shall pay [Plaintiff], in her final paycheck, for all accrued but unused vacation hours.. The parties agree that (a) as of January 31, 2023, [Plaintiff] had accrued 173.03 vacation hours and (b) if [Plaintiff] remains on payroll until April 30, 2023, she will have accrued a total of 220.33 vacation hours (i.e., 6.3 weeks of vacation pay). (pg. 2 of 10).

" LAS health insurance, dental and vision coverage for [Plaintiff] will remain active at its current level (family coverage under the current Oxford High Plan) through the earlier of December 31, 2023 , or the end of the month in which she has obtained health, dental, and vision insurance coverage through another employer or otherwise." (pg. 2 of 10).

"At such time as [Plaintiff] becomes employed at least three-fifths time elsewhere, or December 31, 2023, which ever is earlier, [Plaintiff] shall submit, and LAS shall accept a Letter of Resignation. [Plaintiff] shall deliver the such Letter of Resignation to Scott Rosenberg, General Counsel, via-email and Mr. Rosenberg shall acknowledge receipt via email." (pg. 2 of 10)

The Court overlooked that LAS does not dispute the allegation in the Plaintiff's complaint that she emailed Rosenberg a letter of Resignation on December 22, 2023 effective for December 31, 2023 and Rosenberg promptly accepted it. [P. comp EX B]

### b. Matters of References to the Prospective Employer

In determining the factual background, the Court overlooked and /or misapprehended the non disputed facts in Plaintiff's exhibit N of her Privacy Motion [ECF 15-22]. In its factual Background the Court stated that Plaintiff was required to provide the prospective employer "professional references from her supervisors at LAS, including [the senior management official]." There was no such requirement alleged by either party in their filings.

The non disputed facts in the parties filings are that Plaintiff provided references from LAS supervisor #2 , LAS supervisor #3,  Supreme Court Judge, and that the Plaintiff specifically did not provide the [the senior management official] as a reference and repeatedly told him and General Counsel Rosenberg in numerous writings that [the senior management official] did not have her permission to be a "personal capacity" reference and that if he was unable to avoid the call from the prospective employer he was only contractually permitted to provide her dates of employment and positions held. [ECF 15-22 P. mot Ex N].  It is not disputed in the parties filings that [the senior management official] had contact with the Prospective Employer and made statements to him about the Plaintiff that exceeded the permissible statements LAS was contractually permitted to make as per the February 6, 2023 Agreement. [ECF 15-22  P. mot Ex N].

Conclusion

It can not be said that had the Court not overlooked or misapprehended the terms of the February 6, 2023 Agreement and Plaintiff's Privacy Motion Exhibit N that the Court would not have reasonably reached a different conclusion on the Plaintiff's Privacy Motion, <u>at least with respect to granting her privacy in the initial stages of the litigation.</u>

## II.   IN   ITS   *SEALED   PLAINITFF*   ANALYSIS   THE   COURT   OVERLOOKED CONTROLING DECISIONS OF LAW THAT MIGHT REASONABLY BE EXPECTED TO ALTER THE CONCLUSION REACHED BY THE COURT

In determining its decision on the *Sealed Plaintiff* factors the Court overlooked controlling decisions of law and facts in factors #5, 6, 7, 8, and 10 that might reasonably be expected to alter the conclusion reached by the Court.

Factor #5 Government or Private Action

In determining Factor #5 of *Sealed Plaintiff* the Court overlooked controlling law in <u>*Jackson v. Statler Foundation,*</u> 496 F.2d 623 (2d Cir. 1973) and *Doe v Alexander* Slip Copy WL 1637941 (S.D.N.Y. June 9, 2025).

The Court overlooked that the Plaintiff argued that "state actor" status can be imputed to LAS for the Plaintiff's discrimination claim, because it is a <u>tax exempt organization</u> and it meets the five factor test set forth in *Jackson v. Statler Foundation,* 496 F.2d 623 (2d Cir. 1973), to determine the status of "state action" on LAS part in the context of her discrimination claims. ["It is noteworthy that several courts have considered claims that the activities of tax-exempt organizations constitute 'state action.' Significantly, these cases divide into two groups: Where racial discrimination is involved, the courts have found 'state action' to exist; where other constitutional claims are at issue (due process, freedom of speech), the courts have generally concluded that no 'state action' has occurred." *Jackson v. Statler Foundation,* 496 F.2d 623 (2d Cir. 1973). [T]ax-exempt philanthropy which constitutes 'state action' is limited thereby only to the extent of ensuring an absence of discrimination. *see id.,*]

The Court also overlooked ["[W]hen a lawsuit challenges <u>governmental</u> actions, <u>actors</u>, or policies, the plaintiff has a strong interest in proceeding anonymously."], *Doe v Alexander* Slip Copy WL 1637941 (S.D.N.Y. June 9, 2025). of discrimination. *see id.,*

That LAS primarily operates on government grants [as the Court notes in its Opinion] is not the issue in a factor #5 determination. Rather as a <u>tax exempt organization</u>, in the context of discrimination claims, if LAS meets the five part *Jackson v. Statler Foundation* test to determine state actor status then it will be treated as a government/state actor for factor #5.

The Court overlooked non disputed facts/data in the Plaintiff's privacy motion, that LAS meets *Jackson v. Statler Foundation* five part test for state actor in the context of her discrimination claim , LAS did not dispute that data in their sur reply letter [ ECF 39]. As such factor #5 weighs in the Plaintiff's favor.

Factor # 6 Prejudice to the Defendant

In determining factor #6 of *Sealed Plaintiff* the Court overlooked controlling law in *Doe v. DNA Diagnostics Center LLC* Slip Copy 2025 WL 1725449 (S.D.N.Y. June 18, 2025), ["The *Sealed Plaintiff* test regards only incremental prejudice from the plaintiff's allegations as opposed to the plaintiffs suing in their own name...The sixth *Sealed Plaintiff* factor ultimately comes out in favor of Plaintiff where the Plaintiff has established a need for anonymity and the prejudice to the defendants' reputation or ability to operate merely by a Plaintiff's pursuit of the action under a pseudonym appears minimal. *id*."].

The Court overlooked that LAS made no factual claims of incremental prejudice as a result of the Plaintiff proceeding in pseudonymously. Other then stating "when claims that involve sexual harassment the risk of reputational damage to the Defendant is high and fairness requires the Plaintiff to be prepared to stand behind her charges", the Court overlooks all the data presented by the Plaintiff in her privacy motion [ECF 35 ] and undisputed by LAS in their sur reply letter [ ECF 39 ] that prejudice to the defendants' reputation or ability to operate merely by a Plaintiff's pursuit of the action under a pseudonym appears minimal. More specifically, the following was previously presented by the Plaintiff and overlooked by the Court;

According to the "LAS FR24", LAS received **$416,459,771** in support and revenue in 2024. Of that amount **$389,237,175** was from government contracts and **$ 25,224,403** was from donor contributions, leaving approx. 94% of its operating revenue based on government contracts and approx. 6% on donor contributions. Page 4, "LAS FR24" states;

8

**The Legal Aid Society**

**Statement of Activities**
**Year Ended June 30, 2024**
**(With Summarized Comparative Financial Information for the Year Ended June 30, 2023)**

| | 2024 | | | 2023 |
| | Without Donor Restrictions | With Donor Restrictions | Total | Summarized Comparative Total |
|---|---|---|---|---|
| Support and revenue: | | | | |
| Program support and revenue: | | | | |
| Criminal defense practice | $ 232,270,453 | $ 451,042 | $ 232,721,495 | $ 212,652,830 |
| Juvenile rights practice | 53,905,072 | 94,397 | 53,999,469 | 49,747,382 |
| Civil practice | 96,195,650 | 6,320,561 | 102,516,211 | 91,827,310 |
| Contributions (net of direct expenses related to the benefit) | 24,683,283 | 541,120 | 25,224,403 | 15,622,810 |
| Return on investments, net | 1,024,543 | 894,145 | 1,918,688 | 1,551,525 |
| Court awards | 17,087 | - | 17,087 | 136,502 |
| Other income | 152,418 | - | 152,418 | 5,302,510 |
| Net assets released from restrictions—satisfaction of | | | | |
| program and time restrictions | 5,156,882 | (5,156,882) | - | - |
| **Total support and revenue before in-kind** | | | | |
| **contributions** | 413,405,388 | 3,144,383 | 416,549,771 | 376,840,869 |

"LAS FR 2024" does not support LAS' various statements that permitting the Plaintiff to proceed anonymously would jeopardize their reputation and have an impact on private individual donations, thus its ability to operate. (Opp pg 12 & 13)

Furthermore, in LAS Financial Reports for years 2014, 2015, 2016, 2017 2022, 2023 and 2024 (available on LAS website) the contingencies section states;

"Contingencies:

> There are a number of pending legal actions against the Society, which in the opinion of management will not result in material loss to the Society, and no amounts have been accrued in accompanying statements for such contingency..."

Clearly based on "a number of pending legal actions" against LAS in seven of the past ten years, the LAS Financial Reports do not support any risk that the Plaintiff proceeding under a pseudonym will generate any negative impact on "the private individuals willingness to support LAS as a social justice-oriented non-profit organization." (LAS Opposition pg 13).

In determining factor #6 of *Sealed Plaintiff* the Court overlooked controlling law in *Colgate Univ.,* No. 15 Civ 1069, 2016 WL 1448829 ["Where, as here, "Defendants are aware of Plaintiff's true identity and will have an uninhibited opportunity to litigate this matter regardless of whether

the Plaintiff's identity is disclosed publicly" there is little risk of prejudice."] The Court also overlooked non disputed facts that LAS made no claims that concealment of the Plaintiff's name would "hamper" their ability to conduct discovery. LAS has not refuted the Plaintiff's claims that this case mainly consists of a documented evidentiary record of emails between February 27, 2023 and April 24, 2023 between a limited number of participants on email and a few select telephone calls.

The Court states that "the Plaintiff's identity is well known to LAS, as she left years-long trail of complaints  behind with Rosenberg and the (senior management official)."   In stating this the Court overlooks that [i] LAS is not the public, [ii] the nature of the Plaintiff's "years long-trail of complaints" were isolated to two employees at LAS, and [iii] there has been no claim by LAS that public disclosure of her name would materialize in discovery or evidence obtained outside LAS related to the Plaintiff's claims of quid quo pro sexual harassment against the senior management official and the Cat's Paw theory of liability against Rosenberg for adopting, or otherwise being impermissibly influenced, by the former's discriminatory animus toward the Plaintiff in employment related contexts.

Under the circumstances of this case there is little to no likelihood in which members of the general public would be positioned to provide discovery or evidence, helpful to LAS or otherwise, should the Plaintiff not be granted continued anonymity. As such factor #6 weighs in the Plaintiff's favor.

Factor #7 Status of Confidentiality in the Proceedings

 In determining factor #7 of *Sealed Plaintiff* the Court overlooked controlling law in *Doe v Gong Xi Fa Cai* Inc., 2019 WL3034793 (S.D.N.Y. 2019), [Factor #7 weighs in a Plaintiff's favor where EEOC documents are not public and the Plaintiff's identity is not otherwise publicly known], and

10

in _Corley v. Vance_, 15-cv-1800, 2015 WL 4164377 (S.D.N.Y. June 22, 2015), [This Court has also held where the Plaintiff has taken adequate steps to preserve her confidentiality, the seventh _Sealed Plaintiff_ factor leans in favor of allowing her to proceed under a pseudonym.]

The Court overlooked non disputed facts in the parties filings that, the Plaintiff has kept her identity concealed from the general public, the EEOC documents in her case are not available to the public, and that the EEOC does not permit a claimant to file anonymously. As such factor #7 weighs in the Plaintiff's favor.

Factor #8 The Public Interest

In determining factor #8 of _Sealed Plaintiff_ the Court overlooked controlling law in _Doe v Del Rio_, 241 F.R.D. 154, 157 (S.D.N.Y.2006), [" Public interest is thwarted if disclosure would cause the plaintiffs not to pursue the action."]. The Court also overlooked that the Plaintiff has consistently stated in all her filings that if she was not granted pseudonym status, at least in the initial stages of the proceedings, that she would not pursue the action further and that she understands that should the matter proceed to trial it would not be feasible for her maintain anonymity. However, actual trial proceedings are not posted to PACER for infinite digital distribution. Which is why in all the Plaintiff's filings she requested anonymity, at least in the initial stages of the proceedings. It goes without saying that many matters are concluded at stages of the litigation in the initial stages of the proceedings and prior to a trial. Given the Plaintiff's consistent representation that she will not proceed in the initial stages of trial unless she is granted anonymity, the Court's March 31, 2026 ruling in effect will thwart the public's interest in open proceedings in this matter because there will be no proceedings to be had. That is not conclusory. As such factor #8 weighs in the Plaintiff's favor.

11

Factor #10 Alternative Protections

In determining factor #10 the Court also overlooked controlling law in *Jane Doe v Salina* 2024 WL 1259362 (E.D. NY 2024), [ "Where the identity of the party seeking confidentiality is the main concern, rather than certain specific information that could be redacted or sealed, this factor favors anonymity."]

The Court has overlooked that the Plaintiff has stated that her identity is her main concern, at least as it relates to the initial stages of the proceedings which are posted to PACER for infinite electronic distribution. Once documents are in the electronic internet domain there is no control over who has access to them and what reaction or interpretation they may have to the information alleged or contained therein. There is no alternative other then anonymity that the Plaintiff knows that can address that concern.

Conclusion

It can not be said that had the Court not overlooked the aforementioned controlling law and facts/data that the Court would not have reasonably reached a different conclusion on the Plaintiff's Privacy Motion, at least with respect to granting her privacy in the initial stages of the litigation. The Plaintiff respectfully requests the Court Reconsider her Privacy Motion and upon reconsideration grant the Plaintiff the right to proceed under pseudonyms, at least at the initial stages of the litigation.

Dated: April 12, 2024                                    *Jane Doe Esq.,*
                                                         *Pro Se Plaintiff*

12