

875 THIRD AVENUE, NEW YORK, NY 10022
TEL: 212.980.9600   FAX: 212.980.9291   WWW.KBRLAW.COM

DANIEL L. LEWKOWICZ
DIRECT: 646.367.6718
DLEWKOWICZ@KBRLAW.COM

April 17, 2026

**<u>VIA ECF</u>**

Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re:   *Jane Doe, Esq. v. The Legal Aid Society*
       <u>Civil Action No: 1:25-cv-02409(RA)</u>

Dear Judge Abrams:

We represent Defendant The Legal Aid Society ("LAS") in the above-referenced matter and respectfully write to oppose Plaintiff's recently filed letter requesting leave to file a motion for reconsideration, pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure ("FRCP") dated April 12, 2024 (the "Letter"), Dkt No. 43. Specifically, Plaintiff's Letter requests permission to file a motion for reconsideration of the Court's March 31, 2025 Memorandum Opinion & Order (the "March 31 Order"), Dkt No. 41, that denied Plaintiff's motion to (i) proceed anonymously in this action with respect to herself, several non-parties, and LAS Borough Offices, Dkt No. 15-17, and 35, and (ii) maintain a Reference List under seal that includes identifiers of non-parties in the Complaint, and to strike portions of LAS's Opposition along with portions of a supporting declaration and several exhibits. As stated below, this Court should deny Plaintiff's request for leave to move for reconsideration for two reasons (i) there is no basis to reconsider the March 31 Order under Rule 60(b)(1) and (ii) the March 31 Order is not a final judgement subject to reconsideration under Rule 60(b).

First, this Court should deny Plaintiff's request to file a motion for reconsideration pursuant to Rule 60(b)(1) because there was no "mistake, inadvertence, surprise, or excusable neglect" warranting reconsideration and Plaintiff has failed to identify any other basis under Rule 60(b). Rule 60(b) states that:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or

11883824

extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60. "A motion for reconsideration should be granted only if the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (holding that the district court properly denied motion for reconsideration where Plaintiff's "did not present any new facts or controlling law that the court overlooked that might reasonably be expected to alter the court's decision and order). "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). "The standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the Court.'" *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Here, none of the cases cited by Plaintiff are controlling decisions that the Court overlooked and none of the cases—individually or taken together—would be expected to alter the well-reasoned conclusion reached by the Court in its March 31, 2026 Order.

As to Plaintiff's contention that this Court mischaracterized LAS as a private actor under *Sealed Plaintiff* factor 5, Plaintiff's reliance on *Jackson v. Statler Foundation* to support her argument that LAS is a "state actor" mistakenly applies 'state action' doctrine to the context of a request for anonymity. 496 F.2d 623 (2d Cir. 1973) (applying 'state action' doctrine to determine whether a private actor is amendable to suit under § 1983). *Sealed Plaintiff* factor 5 does not implicate the 'state action' doctrine used to evaluate the viability of constitutional claims, but rather asks "whether the suit is challenging the actions of the government or that of private parties." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008). The Court's determination should remain undisturbed as LAS is plainly a private party.

Plaintiff's assertion that this Court overlooked controlling law as to factor 6 is similarly unpersuasive. The cases Plaintiff cites are factually distinct from the case at bar where circumstances unique to those cases resulted in a diminished risk of prejudice to the defendant. *Doe v. DNA Diagnostics Ctr. LLC,* No. 1:25-CV-2878-GHW, 2025 WL 1725449 (S.D.N.Y. June 18, 2025) (withholding plaintiff's identity in cases pertaining to medical procedures that "do not turn on the credibility of parties" presents "little prejudice against the defendant"); *Doe v. Colgate Univ.*, No. 515CV1069, 2016 WL 1448829 (N.D.N.Y. Apr. 12, 2016) (defendant had diminished risk of prejudice because of increased media attention related to sexual assault on college campuses). This Court appropriately ruled that LAS would be prejudiced by Plaintiff proceeding anonymously as it would hamper LAS's ability to conduct discovery and create a heightened risk of reputational damage as the claims involve alleged sexual harassment.

Next, Plaintiff does not identify any compelling reason for the Court to reconsider its determination as to factors 7, 8, and 10. Regarding factor 7, Plaintiff does not identify any

controlling law undermining this Court's sound reliance on *Doe v. Skyline Automobiles Inc*. to support the conclusion that Plaintiff's disclosure of her identity in her EEOC filings weighs against anonymity. 375 F. Supp. 3d 401 (S.D.N.Y. 2019). The mere fact that this Court has reached a different result in a different case does not necessitate reconsideration. *See Hochfelder v. Pac. Indem. Co*., No. 1:22-CV-2012, 2023 WL 4364228 (S.D.N.Y. July 5, 2023) ("district court cases do not amount to 'controlling law' and are not a proper basis on which to seek reconsideration.") (collection of cases). Similar defects are true as to Plaintiff's contentions regarding factors 8 and 10, where the cases Plaintiff cites in support of her position do not contravene this Court's determination. *See Doe v. Del Rio*, 241 F.R.D. 154 (S.D.N.Y. 2006) (finding that Plaintiff could *not* overcome the strong public interest favoring disclosure); *see also Doe v. Salina*, No. 23-CV-3529, 2024 WL 1259362 (E.D.N.Y. Mar. 25, 2024) (finding that disclosure of parents' identities would necessarily reveal identities of minor plaintiffs whose age weighs strongly in favor of anonymity). Plaintiff does not point to any controlling authority (or any persuasive authority) sufficient to overcome the high burden needed for reconsideration. Moreover, none of the *Sealed Plaintiff* factors carefully evaluated by this Court are dispositive such that any one factor may reasonably expected to alter this court's decision. *See Doe v. Skyline Automobiles Inc*., 375 F. Supp. 3d 401 (S.D.N.Y. 2019) ("[T]he first factor itself is not dispositive").

Plaintiff's assertions that this Court overlooked and misapprehended facts are similarly without merit. Though Plaintiff may disagree with the Court's analysis of the facts as presented by both parties, such disagreement is not sufficient to support her motion. *See Flaherty v. Filardi*, No. 03 Cv 2167, 2008 WL 4200577, at *1 (S.D.N.Y. Sept. 12, 2008) ("dissatisfaction ... is simply not an appropriate basis for reconsideration."); *B & R Supermarket, Inc. v. Visa Inc.*, No. 17-CV-2738, 2025 WL 510041 at *4 (E.D.N.Y. Feb. 14, 2025) ("[Defendant]'s disagreement with the Court's analysis . . . does not constitute overlooked facts warranting reconsideration."). What's more, Plaintiff does not establish that the Court's reconsideration of the facts to conform to her narrative might "reasonably be expected to alter its conclusion." *Young v. Cnty. of Nassau*, 511 F. App'x 35 (2d Cir. 2013) (in denying reconsideration, district court did not overlook facts but found that "plaintiff's claims failed despite them") (quoting *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir.1995)). Where, as here, Plaintiff has failed to establish that the Court overlooked any facts or controlling law that might reasonably be expected to alter its decision, her motion for reconsideration must be denied.

Second, notwithstanding Plaintiff's failure to present any basis for reconsideration pursuant to Rule 60(b)(1), the March 31, 2025 Order was not a final judgment, order, or proceeding subject to reconsideration subject to reconsideration under Rule 60(b). *See Stern v. Highland Lake Homeowners*, No. 18-CV-4622 (NSR), 2021 WL 1164718, at *3 (S.D.N.Y. Mar. 26, 2021) (denying request for relief under Rule 60(b) because the challenged order does not qualify as a final order, judgment, or proceeding); *see also Alvarez v. Am. Airlines, Inc*., No. 98 CIV. 1027, 2000 WL 145746 at *1 (S.D.N.Y. Feb. 8, 2000) ("A judgment is final if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.") Here, the March 31, 2026 Order was interlocutory, rather than "final," because it did not rule on whether or not to permit Plaintiff's claims to go forward, only on whether (i) Plaintiff was entitled to proceed anonymously in this action with respect to herself, including non-parties, and LAS Borough Offices, and (ii) maintain a Reference List under seal that includes identifiers of non-parties in the Complaint, and to strike portions of LAS's Opposition along with portions of a supporting declaration and several exhibits.

KAUFMAN BORGEEST & RYAN LLP

11883824

As such, we respectfully request that this Court deny Plaintiff's request for leave to move for Reconsideration in its entirety.

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

Daniel Lewkowicz

cc:    (via ECF and Email) Jane Doe, Esq.