**VIA ECF**

April 23, 2026

Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re: Jane Doe, Esq v The Legal Aid Society
1:25-cv-02409 (RA)

Dear Judge Abrams,

   The Plaintiff writes as per your Order, dated March 31, 2026, [ECF 41] to propose next steps in this action follows.

I. Pursuant to the Collateral Order Doctrine, and contrary to LAS position [ECF 44], this Court can entertain the motion for reconsideration [ECF44] the Plaintiff filed on April 12, 2026 of this Court's March 31, 2026 order [ECF 43] denying her motion to proceed anonymously.  However, Plaintiff is withdrawing her Motion for Reconsideration and will do so formerly in another writing. *Authority and rational for this step is addressed below.*

II. Pursuant to the Collateral Order Doctrine, Plaintiff filed an Appeal on April 23, 2026 [ECF 45] to the Second Circuit Court of Appeals seeking review of this Courts March 31, 2026 order denying her motion to proceed anonymously under pseudonym and related relief. *Authority for this step is addressed below.*

III. Pursuant to the United States Supreme Court Ruling in *Coinbase, Inc., v Bielski*  143 S.Ct. 1915 (2023), the *Griggs* rule should be applied to this case divesting the District Court of jurisdiction over all aspects of this action while the appeal is pending in the Second Circuit Court of Appeals. As such the Plaintiff would be precluded from filing, and the Court would be precluded from entertaining, the Plaintiff's motion to seal the non pseudonymous complaint and the privacy motion litigation at this time.  *Authority for this step is addressed below.*

IV. Giving the Plaintiff the right to be heard should the Court determine it is neither divesting itself of jurisdiction while the Appeal is pending nor staying the proceedings.

VI. Giving the Plaintiff adequate time, at the appropriate time to file a sealing motion.

1

**I. Reconsideration of Plaintiff's Motion to Proceed Anonymously is Permissible Under FRCP Rule 60. However, Under the Circumstances of this Case Judicial Economy Weighs in Favor of the Plaintiff Withdrawing Her Motion to Reconsider and Proceed with an Immediate Interlocutory Appeal.**

In their letter opposition to the Plaintiff's Motion for Reconsideration [FRCP Rule 60 (b) (1)] of this Court's March 31, 2026 Order, LAS argues that the challenged order does not qualify as a "final order" and therefore the Court cannot entertain her motion under FRCP Rule 60 (b) (1).

To the contrary, this Court has the authority to entertain a motion for reconsideration on the denial of motion to proceed anonymously because under the collateral order doctrine there are a "narrow class" of district court decisions that may also be treated as final decisions even though they do not terminate the litigation. More specifically,

The Second Circuit Court of Appeals has held in *United States v Pilcher* 950 F.3d 39 (2nd Cir. 2020);

> "A district court order other than a final decision under § 1291 is appealable if the order falls within the "collateral order doctrine *United States v Pilcher* 950 F.3d 39 ( 2nd Cir. 2020) Under the collateral order doctrine, the order sought to be appealed must "(1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment."
> The district court's decision here conclusively determined the issue of whether Pilcher could proceed under a pseudonym; that issue is completely separate from the merits of his § 2255 motion; and it will be effectively unreviewable on appeal from final judgment on his § 2255 motion. We therefore hold that the denial of Pilcher's motion to proceed anonymously was an appealable collateral order."

The this Court has held in *Abdell v City of New York* 759 F.Supp.2d 450 (SDNY 2010);

> "Under the collateral order doctrine, however, a "narrow class" of district court decisions that do not terminate the litigation may also be treated as final decisions. *Digital Equipment Corp. v. Desktop Direct, Inc.,* 511 U.S. 863, 867, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994). That narrow class is limited to those orders "that are conclusive, that resolve important questions completely separate from the merits, and that would render such important questions effectively unreviewable on appeal from final judgment in the underlying action." *Id."*

"When a litigant files a timely motion for reconsideration, it "toll[s] the time to file a notice of appeal regarding the underlying order until decision of the motion for reconsideration." *Rouviere v Depuy Orthopaedics Inc.,* 560 F.Supp.3d 774 ( S.D.N.y. 2021) *citing Lora v. O'Heaney*, 602 F.3d 106, 110 (2d Cir. 2010). If a party files a notice of appeal before the district court disposes of a motion for reconsideration, then the notice of appeal does not become "effective" until after the district court rules on that motion. *See* Fed. R. App. P. 4(a)(4)(B)(i);

2

"(A) If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure--and does so within the time allowed by those rules--the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion…
(vi) for relief under Rule 60 if the motion is filed within the time allowed for filing a motion under Rule 59."

In this case the Plaintiff has set forth in her privacy motion declarations and related correspondence to the court [ECF16, 42] that she would not proceed with the action and withdraw it under FRCP 41 (a) (1) (A) if she could not proceed anonymously, at least in the initial stages of the proceedings. In this context, the Court's decisions on the Plaintiff's motion to proceed anonymously operates in practical application to have the same dispositive effect as a motion to dismiss or a summary judgment motion in terms of ending the action. Under those circumstances any decision this Court makes on the Plaintiff's motion for reconsideration of her privacy motion would wind up with one of the parties appealing to the Second Circuit Court of Appeals because the stakes in the outcome of the motion for reconsideration for each party are high --- it ends the action for LAS, or it continues it for the Plaintiff.

Because of the high likelihood that the Court's determination on the Plaintiff's motion for reconsideration would generate an interlocutory appeal by one of the parties, in the interest of Judicial Economy the Plaintiff will withdraw her motion for reconsideration of this Court's March 31, 2026 order.

## II. The Plaintiff is Permitted to File an Immediate Interlocutory Appeal on the March 31, 2026 Order of this Court Denying Her Motion to Proceed Anonymously.

The Second Circuit Court of Appeals has held in a precedential opinion, *United States v Pilcher* 950 F.3d 39 (2nd Cir. 2020) denial of a motion to proceed anonymously is an appealable collateral order ["a district court order other than a final decision under § 1291 is appealable if the order falls within the "collateral order doctrine." Under the collateral order doctrine, the order sought to be appealed must "(1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment."]

In the instant case the District Court's decision here conclusively determined the issue of whether the Plaintiff could continue proceed under a pseudonym; that issue is completely separate from the merits Title VII action, and it will be effectively unreviewable on appeal from final judgment on her Title VII action. The Plaintiff's interlocutory appeal to the Second Circuit Court of Appeals of this Court's denial of her motion to proceed anonymously is immediately appealable under the collateral order doctrine.

III. **Plaintiff's Filing of a Notice of Appeal [ECF 45] on Court's March 31, 2026 Order denying the Plaintiff's Motion to Proceed Anonymously/Pseudonymously and Plaintiff's Withdrawal her April 12, 2026 [ECF 43] Motion to Reconsider Divests this Court of Jurisdiction Over All Aspects of this Case Pending the Determination of the Plaintiff's Appeal.**

As a general rule, the "filing of the notice of appeal divest[s] the district court of jurisdiction" over the action. *Hom Sui Ching v. United States,* 298 F.3d 174, 180 n. 5 (2d Cir.2002) (citing *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982)). The notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs,* 459 U.S. at 58. It precludes the district court from ruling "on any motion affecting an aspect of the case that [is] before [the appellate court] ... while that appeal [is] pending." *Hom Sui Ching,* 298 F.3d at 180.

An appeal, including an interlocutory appeal, "divests the district court of its control over those aspects of the case involved in the appeal." *Coinbase, Inc., v Bielski* 143 S.Ct. 1915 (2023) citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225. In *Coinbase* the Supreme Court held that;

> "The *Griggs* principle resolves this case. Because the question on appeal is whether the case belongs in arbitration or instead in the district court, the entire case is essentially "involved in the appeal," *id.*, at 58, 103 S.Ct. 400, and *Griggs* dictates that the district court stay its proceedings while the interlocutory appeal on arbitrability is ongoing. The common practice of staying district court proceedings during the pendency of an interlocutory appeal taken under § 16(a) reflects common sense. If the district court could move forward with pre-trial and trial proceedings while the appeal on arbitrability was ongoing, then many of the asserted benefits of arbitration (efficiency, less expense, less intrusive discovery, and the like) would be irretrievably lost—even if the court of appeals later concluded that the case actually had belonged in arbitration all along. Absent a stay, parties also could be forced to settle to avoid the district court proceedings (including discovery and trial) that they contracted to avoid through arbitration. The *Griggs* rule avoids these detrimental results."

The holding in *Coinbase* can be applied to this case because "the entire case essentially involved in the Appeal", that is --- whether the Plaintiff can proceed anonymously. As such, consistent with the Supreme Court's holding in *Coinbase, Griggs* dictates that the district court stay its proceedings while the interlocutory appeal on the Plaintiff's right to proceed anonymously is pending.

Respectfully submitted,
*/s/ Jane Doe Esq.,*

CC: Daniel Lewkowicz Esq.,
    Joan Gilbride Esq.,